# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GARY LAMONT HOLT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-1154 |
| | ) JUDGE CAMPBELL/KNOWLES |
| DAVIDSON COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon the pro se Plaintiff's "Motion for Status of Scheduled [*sic*] Order and the Appointment of Counsel." Docket No. 27. Plaintiff, an inmate in the custody of the Tennessee Department of Correction, has averred that Defendants violated his rights under 42 U.S.C. § 1983, when he was denied a kosher diet and retaliated against while he was in the custody of the Davidson County Sheriff's Office. Docket No. 1. Plaintiff filed his Complaint on December 7, 2009.

Insofar as the instant Motion concerns the status of this action, the Court notes as follows.

On December 9, 2009, Judge Campbell granted Plaintiff's application to proceed in forma pauperis. Docket No. 3. He directed the Clerk to send Plaintiff a service packet for each Defendant named in this action, and he referred the action to the undersigned to enter a Scheduling Order. *Id*.

In reviewing the record, the undersigned noted that it appeared that Plaintiff had never

received a copy of Judge Campbell's Order and the service packets, because he had been transferred to the West Tennessee State Penitentiary. Docket No. 10. The undersigned, therefore, directed the Clerk to send a copy of Judge Campbell's Order and two blank service packets to Plaintiff at that facility. *Id.*

After those materials were returned to the Clerk undelivered, Plaintiff filed a notice that his then-current address was the Northwest Correctional Complex in Tiptonville, Tennessee. Docket No. 18. The record reflects that, on March 8, 2010, summonses were returned executed as to Defendant Davidson County Sheriff's Office and ABL Food Management, Inc. Docket Nos. 21, 22.

Plaintiff is advised that the Court typically does not enter Scheduling Orders in cases until after Defendants have been served with process. Now that that has occurred, a Scheduling Order will be entered.

In the instant Motion, Plaintiff also requests that he be appointed counsel.

There is no constitutional right to appointed counsel in a civil case, and a Court should appoint counsel in such a case only under "exceptional circumstances." *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Such circumstances are not present here. Plaintiff's Motion is, therefore, DENIED.

IT IS SO ORDERED.

 E. Clifton Knowles
United States Magistrate Judge