**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **GARY HOLT, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:09-1154** |
| **v.** | ) | **Judge Campbell / Knowles** |
| | ) | |
| **DAVIDSON COUNTY SHERIFF'S** | ) | |
| **OFFICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant ABL Food Company's ("ABL") "Motion to Strike Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment." Docket No. 65. As grounds for its Motion, Defendant ABL argues that Plaintiff's response (*i.e.*, a "Motion in Opposition to Defendant's Motion for Summary Judgment"(Docket No. 63)) is untimely. *Id.* Specifically, Defendant ABL argues that, because it filed its Motion for Summary Judgment on September 23, 2010, and because Fed. R. Civ. P. 56(c)(1)(B) provides that "a party opposing the motion must file a response within 21 days after the motion is served," Plaintiff's response was required to have been filed by October 18, 2010, thereby making his November 17, 2010 filing more than four weeks after the response deadline imposed by Rule 56. *Id.* Accordingly, Defendant ABL moves to strike Plaintiff's response as untimely. *Id.*

Plaintiff has not responded to the instant Motion.

Motions to Strike are applicable only to pleadings. *See* Fed. R. Civ. P.12(f). *See also, e.g., Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir. 1966); *Hrubec v. National*

1

*R.R. Passenger Corp.,* 829 F. Supp. 1502, 1560 (N.D. Ill. 1993). Plaintiff's "Motion in Opposition to Defendant's Motion for Summary Judgment" is not a pleading, and is therefore not a filing that can be properly stricken. Accordingly, the undersigned recommends that Defendant ABL's Motion to Strike be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

É. CLIFTON KNOWLES
United States Magistrate Judge