IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY HOLT, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No. 3:09-1154 |
| v. | )   Judge Campbell / Knowles |
| | ) |
| DAVIDSON COUNTY SHERIFF'S | ) |
| OFFICE, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's "Motion to Amend Complaint and to have Defendants Properly Served." Docket No. 73. Plaintiff "requests that he is allowed to amend his complaint to add additional defendants, especially Darren Hall, Pam Hael, Ms. Patterson, Chaplain Gray, and V. Dublin." *Id.* Plaintiff also moves to have Defendant Davidson County Sheriff's Department served because the "Sheriff's department has claimed they were not properly served," but "[t]his is not plaintiff's fault since he has no authority to tell the clerks office how to do it's job." *Id.*

Counsel for the Metropolitan Government of Nashville and Davidson County ("Metro. Government") has made a limited appearance for the purpose of filing a Response to the instant Motion. Docket No. 74. In that Response, counsel argues that the statute of limitations has run with regard to the proposed new Defendants, and that because the statute of limitations has run and Plaintiff has not identified any personal involvement that any of the proposed new Defendants had in purportedly violating his rights, the amendment of Plaintiff's Complaint to

1

include them would be futile. *Id.* Counsel additionally argues that discovery has closed in this action, such that allowing Plaintiff to amend his Complaint at this juncture would be unduly prejudicial. *Id.*

Defendant ABL has also filed a response opposing the amendment of Plaintiff's Complaint at this juncture. Docket No. 75. Incorporating by reference the grounds argued by counsel for Metro. Government, Defendant ABL also argues that the Court's Scheduling Order in this action explicitly states that, "The parties have until June 28, 2010, to move to amend the pleadings." *Id.*, *referencing* Docket No. 41. Defendant ABL argues that Plaintiff's December 27, 2010 filing of his Motion to Amend was almost six months after the amendment deadline and almost two months after the October 28, 2010 discovery deadline, both clearly set forth in the Court's Scheduling Order, such that permitting the amendment of Plaintiff's Complaint at this juncture would be unduly prejudicial. *Id.*

Fed. R. Civ. P. 15 governs the amendment of Pleadings. Fed. R. Civ. P. 15(a) states in relevant part as follows:

> **(a) Amendments Before Trial.**
>
> > **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> >
> > > **(A)** 21 days after serving it, or
> > >
> > > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> >
> > **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give

leave when justice so requires.

Plaintiff seeks to amend his Complaint, which was filed December 7, 2009. Under Rule 15(a), Plaintiff had the right to amend his Complaint as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendant ABL filed an Answer to the Complaint on April 26, 2010. Docket No. 40. The instant Motion to Amend was filed more than 21 days after the service of a responsive pleading and, therefore, Plaintiff cannot amend his Complaint as a matter of course.

Plaintiff has failed to submit a proposed Amended Complaint along with his Motion, and his Motion fails to provide any information with regard to what role the proposed new Defendants may have played in the conduct that allegedly violated his rights. *See* Docket No. 73.

While leave to amend should be "freely given when justice so requires," leave to amend should be denied when "it would result in undue delay or prejudice to the opposing party ... or where the amendment is futile." *See Forman v. Davis*, 371 U.S. 178 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43 (6th Cir. 1986). Prejudice to the opposing party is inherent if the motion to amend occurs after the close of discovery. *See Miller v. Admin. Offices of Courts*, 448 F.3d 887, 898 (6th Cir. 2006).

Pursuant to the Court's Scheduling Order, the discovery deadline for this matter was October 28, 2010. Docket No. 41. Allowing Plaintiff to amend his Complaint after the expiration of the discovery deadline would be undeniably prejudicial to Defendants. Moreover, Defendant filed his original Complaint on December 7, 2009, alleging civil rights violations pursuant to 42 U.S.C. §1983. *See* Docket No. 1. Plaintiff filed his Motion to Amend Complaint on December 27, 2010. Docket No. 73. The statute of limitations for §1983 claims is one year.

3

*See* Tenn. Code Ann. §28-3-104(a)(3); *Johnson v. Ry. Exp. Agency, Inc.*, 489 F.2d 525, 529 (6th Cir. 1973). Because Plaintiff's Motion to Amend Complaint was filed after the one year statute of limitations had run, because Plaintiff has not alleged any grounds for tolling the statute, and because Plaintiff has failed to proffer any specific allegations against the proposed new Defendants with regard to what role each may have played in the conduct that allegedly violated his rights, adding the new Defendants would be futile.[1] Accordingly, Plaintiff's Motion should be denied.

With regard to Plaintiff's Motion to have the Davidson County Sheriff's Office properly served, that is not an appropriate Motion, and Plaintiff has failed to cite any authority for the proposition that the Clerk's Office must determine the proper parties to be sued and/or served. The Clerk's office properly sent Plaintiff a service packet for each Defendant named in this action. *See* Docket No. 6. Plaintiff was specifically informed that it was his responsibility to complete the service packets and return them so that process could issue. *See* Docket No. 3. As the party filing suit, the onus is on Plaintiff, not the Clerk's Office, to name the correct parties and to properly complete and return the service packets. Accordingly, this aspect of Plaintiff's Motion should likewise be denied.

For the forgoing reasons, the undersigned recommends that Plaintiff's Motion to Amend Complaint and to Have Defendants Properly Served (Docket No. 73) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

---

[1] Plaintiff has made no argument that his proposed amendment would relate back to the initial filing of his Complaint.

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　E. CLIFTON KNOWLES
　　　　　　　　　　　　　　　　　　United States Magistrate Judge