IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY HOLT, JR.,  )
 )
    Plaintiff, )
 ) Case No. 3:09-1154
v. ) Judge Campbell / Knowles
 )
DAVIDSON COUNTY SHERIFF'S )
OFFICE, et al., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant ABL Food Management, Inc. (incorrectly named as "ABL Food Company"). Docket No. 49. Along with its Motion, Defendant has contemporaneously filed a supporting Memorandum of Law and a Statement of Undisputed Facts, along with Plaintiff's Deposition with Exhibits, and the Affidavits with Exhibits of Byron Grizzle, Sophia Holcomb, and Carla Hopper. Docket Nos. 50-55.

Plaintiff has filed a Motion in Opposition to Defendant's Motion for Summary Judgment, which the Court will construe as a Response. Docket No. 63. Plaintiff has not, however, filed a response to Defendant's Statement of Undisputed Facts, or submitted his own Statement of Undisputed Facts.

Defendant has filed a Reply to Plaintiff's Response. Docket No. 66.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. 1983, alleging

1

that, from August 20, 2009 to October 22, 2009, his "civil rights were violated due to request of kosher diet due to religious beliefs and was met with intimidation + retaliation and threat of retaliation on several occasions per exhibits A-Z." Docket No. 1. Plaintiff names the Davidson County Sheriff's Office and ABL Food Management as Defendants, and seeks monetary damages. *Id.*[1]

Defendant filed the instant Motion and supporting materials on September 23, 2010. Docket Nos. 49-55. Defendant maintains that it is entitled to summary judgment because there are no genuine factual issues and because: (1) Plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. §1997e(a); (2) Plaintiff filed a cause of action for an alleged mental or emotional injury without a prior showing of any physical injury, as required by 42 U.S.C. §1997e(e); (3) Plaintiff's Complaint fails to state a claim based on vicarious liability; and (4) the "Statement of Facts" section of Plaintiff's Complaint does not state how Defendant was involved in the alleged incidents, nor does it establish that Defendant was in any way deliberately indifferent to Plaintiff's needs. *Id.*

Plaintiff responds that Defendant denied him the right to practice his religious faith, that he "is not claiming he suffered a serious physical injury," and that Defendant did not have any procedure for filing grievances for him to follow. Docket No. 63.

Defendant replies that there is no genuine factual issue and that it is entitled to judgment as a matter of law because Plaintiff's Complaint does not allege how it was involved in the alleged incidents; there is no evidence in the record whatsoever demonstrating that Plaintiff was

---

[1] On March 16, 2011, the undersigned recommended that the Davidson County Sheriff's Office be terminated as a party in this action. *See* Docket No. 80.

supposed to receive a kosher diet per his "nutritional profile," but was denied it; Plaintiff failed to exhaust his administrative remedies; and Plaintiff failed to allege a physical injury. Docket No. 66.

For the reasons discussed below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## II. Facts

### A. Allegations of Plaintiff's Complaint[2]

The allegations of Plaintiff's Complaint, in their entirety, are as follows:

> civil rights were violated due to request of kosher diet due to religious beliefs and was met with intimidation + retaliation and threat of retaliation on several occasions per exhibits A-Z.

Docket No. 1.

### B. Undisputed Facts[3]

On August 20, 2009, Plaintiff was arrested for forgery while on probation and held without bond at the Hill Detention Center ("HDC"), in Nashville, Davidson County, Tennessee. Plaintiff's Dep. 26:3-6, 32:7-13. Plaintiff plead guilty in October 2009, and was transferred from the HDC to another facility on or about October 22, 2009. *Id.*, 32:14-23; Docket No. 53, Hopper Aff.

The "Davidson County Sheriff's Office Handbook" contains a grievance policy that states as follows:

---

[2] These "facts" are provided for background informational purposes. They are not in a form required by Fed. R. Civ. P. 56.

[3] The following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

3

> If you have a complaint about a jail policy, practice, condition, or employee, ask for a grievance/appeal form, or write iron plain paper with "GRIEVANCE" across the top in big letters. Put it in the grievance box in your area. You have ten days, including holidays and weekends, after the matter/incident you are complaining about arises to file a grievance. That time limit may be extended only for good reason. You should get an answer within seven working days. If you don't, ask your case manager to check on it for you.
>
> <u>Grievance appeals:</u> If you think the answer to your grievance is unfair, you can appeal to the facility administrator. You must file your appeal within one week of receiving your original response. Get another grievance/appeal form from your case manager or correctional officer, or write your appeal on plain paper with "GRIEVANCE APPEAL" in big letters across the top. Put it in the grievance box.

Plaintiff's Dep., Ex. 3.

The above-quoted policy is part of the inmate handbook that Plaintiff received after his August 20, 2009 arrest. Plaintiff's Dep., 46:7-47:6, 48:20-25. Plaintiff read, and was familiar with, the above-quoted grievance policy. *Id.*, 47:5-6. Plaintiff made use of the grievance policy by filing several grievances. *Id.*, 48:9-25.

Plaintiff testified that his only injuries were weight loss and frustration. Plaintiff's Dep., 129:13-130:13. On August 25, 2009, five days after his arrival at HDC, Plaintiff visited the medical unit, and his weight was recorded as 155 pounds. *Id*, 133:5-135:14; Ex. 5 at 00107. On November 4, 2009, after he was transferred to another facility, Plaintiff visited the medical unit, and his weight was recorded as 163 pounds. Docket No. 52, Holcomb Aff..

Defendant was required to prepare diet sacks for Plaintiff according to his nutritional profile on file. Plaintiff's Dep., 89:24-90:3.

4

## III. Analysis

### A. Local Rules 56.01(c) and (g)

With respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

5

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*,

477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. 42 U.S.C. § 1983**

Plaintiff alleges violations of his rights pursuant to 42 U.S.C. §1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**D. The Case At Bar**

7

Defendant argues that Plaintiff has failed to state a claim against it upon which relief can be granted. Docket No. 52, p. 9-11. As has been discussed above, the allegations of Plaintiff's Complaint, in their entirety, are as follows:

> civil rights were violated due to request of kosher diet due to religious beliefs and was met with intimidation + retaliation and threat of retaliation on several occasions per exhibits A-Z.

Docket No. 1.

In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering whether a complaint has stated a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous

> departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

The allegations of Plaintiff's Complaint are conclusory, and lack specificity with regard to any details about the alleged violation of his rights. The allegations of Plaintiff's Complaint, on their face, fail to state a claim upon which relief can be granted against Defendant ABL.

Additionally, Plaintiff admits in his Response that he does not claim to have suffered any physical injury. Absent a physical injury, Plaintiff cannot recover for any mental or emotional injury, or for his "frustration." *See* 42 U.S.C. §1997e(e).

Furthermore, Plaintiff appears to sue Defendant ABL because it is the provider of food in the HDC. Plaintiff cannot sustain his claims against Defendant ABL as the provider of food in the HDC because § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

### IV. Conclusion

For the forgoing reasons, there is no genuine issue of material fact and Defendant is

entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED, and that this action be DISMISSED.[4]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                   _____
                                   E. CLIFTON KNOWLES
                                   United States Magistrate Judge

---

[4] The undersigned has submitted a Report and Recommendation recommending that Plaintiff's claims against the only other Defendant, Davidson County Sheriff's Office, be dismissed. Docket No. 80.